```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

ANTHONY JONES,                     :

    Petitioner,                  :

vs.                                :     CIVIL ACTION 05-00712-KD-B

GRANTT CULLIVER,                   :

    Respondent.                  :

## REPORT AND RECOMMENDATION

Anthony Jones, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 6). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

On May 24, 2001, Petitioner Anthony Jones was convicted of first-degree kidnapping, first-degree rape, and first-degree sodomy by a jury in the Mobile County Circuit Court. Jones was sentenced,

as a habitual felony offender, to life imprisonment without parole for each offense.  His sentences were to run consecutively. (Docs. 6, 21).  Jones filed an appeal in the Alabama Court of Criminal Appeals, which affirmed his convictions and sentences on June 21, 2002. (Doc. 21, Ex. B). Jones then petitioned for rehearing in the Alabama Court of Criminal Appeals and for certiorari review in the Alabama Supreme Court. Both petitions were denied, and on November 8, 2002, the Alabama Supreme Court issued a certificate of judgment. (Doc. 21, Exs. C, D). The record does not reflect, and Jones does not allege that he filed  a petition seeking certiorari before the United States Supreme Court.

On October 29, 2003, Jones filed a Rule 32 petition challenging his convictions and sentences.  Jones' petition was summarily denied by the trial court, without an evidentiary hearing, on November 21, 2003. (Doc. 6; 21, Exs. A, E).  Jones appealed, and the Alabama Court of Criminal Appeals affirmed the trial court's decision on April 23, 2004. (Doc. 21, Ex. E). On June 25, 2004, Jones' application for rehearing was overruled, and his petition for writ of certiorari was denied, on December 10, 2004, by the Alabama Supreme Court. (Doc.  21, Exs. F, G).

On February 23, 2005, Jones filed a second Rule 32 petition, which was summarily denied as time-barred and successive. (Docs. 6;

21, Ex. H, pp. 33, 49-50).[1] Jones appealed, and on October 21, 2005, the Alabama Court of Criminal Appeals affirmed, by memorandum opinion, the trial court's summary denial of Petitioner's second Rule 32 petition for post-conviction relief. (Doc. 21, Ex. I).[2]  On

---

[1]According to the trial court:

> [Jones] filed his first Rule 32 On [sic] October 29, 2003. This petition was denied on November 21, 2003. Under Rule 32.2(b), this petition should also be denied, as it is a successive petition and Petitioner has failed to show good cause why the allegation made in the present petition could not have been raised in the previous complaint. Additionally, the Petitioner's complaint is non-jurisdictional and is therefore barred by limitations under Rule 32.2(c).
>
> Based on the foregoing, this court is authorized to summarily dismiss the petition without an evidentiary hearing or a response from the State of Alabama.
>
> The petition is DENIED.

(Doc. 21, Ex. H, pp. 49-50).

[2]The appellate court opined:

> The appellant argues that the trial court erred in dismissing his Rule 32 petition without conducting an evidentiary hearing because he raised the claim that newly discovered material facts exist that require that his conviction be vacated by the court. In support of his argument, he contends that the State withheld evidence at trial that the Alabama Department of Forensic Sciences was not accredited.
>
> Because the appellant's claim, that the non-accreditation of the Department of Forensic Sciences is newly discovered evidence, was actually discoverable or ascertainable at trial, the trial court correctly found that it was procedurally precluded from review. Rule 32.2(a)(2), Ala. R. Crim.

November 10, 2005, Jones' application for rehearing was overruled. (Doc. 21, Ex. J). Jones' petition seeking certiorari was denied on January 13, 2006, and on that same day, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 21, Exs. K, L).

On November 30, 2005[3], Jones filed the instant petition seeking habeas relief in this Court. (Doc. 1); see also (Doc. 6). Respondent filed an Answer alleging that Jones' petition should be dismissed as time-barred. (Doc. 21).  For the reasons set forth

---

> P. Additionally, the trial court was correct in finding that the petition constituted a successive petition, because the appellant failed to show good cause as to why his argument was not raised in his first petition to the trial court; the summary dismissal of this first petition was affirmed by this Court on April 23, 2004. . . . Lastly, because a certificate of final judgment was issued by this Court on November 12, 2002, and because the appellant's petition was not filed until February 25, 2005, his petition is time-barred by the applicable statute of limitations. Rule 32.2(c), Ala. R. Crim. P.
>
> The judgment of the trial court is affirmed.

(Doc. 21, Ex. I).

[3]Under the prison mailbox rule, the Court will assume that Jones actually delivered his petition to prison officials for mailing and filed his habeas petition on November 30, 2005, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (llth Cir. 2001). When Jones filed his original petition in this Court on outdated forms, his second Rule 32 petition was still pending in the state courts. (Doc. 1, 3).  By the time Jones filed his amended petition on the proper forms, his state post-conviction proceedings had concluded. (Doc. 6).

herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." A judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed such a petition. Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002). The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

In this case, the Alabama Supreme Court denied Jones' petition for certiorari and entered a certificate of judgment on November 8, 2002. Thus, Jones' conviction became final on February 6, 2003, that is, when the 90 day period in which Jones could have sought direct review of his conviction in the U.S. Supreme Court expired. See Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006) ("Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' ... This statute of limitations allows a prisoner the time to seek direct review in the Supreme Court of the United States.... If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.... If he does not petition the Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires.") (internal citations omitted); Holland v. Florida, 2008 U.S. App. LEXIS 17552, *5-6 (11th Cir. Aug. 18, 2008)

("A judgment of conviction becomes final when 'the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.' Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000)."); see also Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, the AEDPA limitations clock began on February 7, 2003, and Jones had 365 days from that date, or until February 9, 2004[4] to file his federal habeas petition.  As noted supra, Jones' petition was not filed with this Court until November 30, 2005.  As a result, his petition is time-barred unless he can demonstrate that the tolling provisions of the AEDPA were triggered.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  Jones' first Rule 32 petition, filed October 29, 2003, tolled the limitations period.  At the time the first Rule 32 petition was filed, 264 days had elapsed within the limitations period. Accordingly, upon the dismissal of Jones' first Rule 32 petition on December 10, 2004, when the Alabama Supreme

---

[4]Because the limitations period was set to fall on Saturday, February 7, 2004, Petitioner would have had until Monday, February 9, 2004, to file his habeas petition in this Court. See Fed.R.Civ.P. 6(a).

7

Court denied Jones' writ of certiorari, only 101 days remained within the AEDPA limitations period. In order to have timely filed his habeas petition, Jones was required to file his petition within 101 days, or no later than March 21, 2005, absent another tolling event.

Jones filed a subsequent Rule 32 petition in the trial court on February 23, 2005; however, this second petition was not timely filed pursuant to Alabama's Rules of Criminal Procedure. See Footnotes 1 & 2, supra (Doc. 21, Exs. H, pp. 49-50; I); Ala. R. Crim. P. Rule 32.2(c). Untimely post-conviction petitions such at Jones' are not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). Sweet v. Secretary, Dep't of Corrections, 467 F.3d 1311, 1316 (11th Cir. 2006) ("Recently, the Supreme Court squarely addressed the question it left open in Artuz. In Pace v. DiGuglielmo, the Court held that a state post-conviction petition rejected by the state court as being untimely under state law is not 'properly filed' within the meaning of AEDPA's § 2244(d)(2). 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)."). Therefore, Jones' second petition could not work to toll the AEDPA's statute of limitations. Accordingly, because Jones did not file his federal habeas petition until November 30, 2005, or 254 days after the statutory limitations period expired on March 21, 2005, his federal habeas petition was untimely filed.

Before recommending dismissal of Jones' petition for habeas

relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of

Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Jones asserts that his petition should not be dismissed as untimely because while he has attempted to collaterally attack his convictions and sentences, "[t]he state courts have refused to address the merits of Petitioner's claims in violation of the 14th amend [sic] of Due Process." (Doc. 6).[5] However, Jones' assertion relates to his filings in state court and does not provide any explanation for the untimely filing of his habeas petition. Thus, it provides no support for equitable tolling of the AEDPA limitations period. As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Jones has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he

---

[5]Although Jones apparently believed that his second Rule 32 petition, filed on February 23, 2005, tolled the AEDPA limitations period, a pro se inmate's ignorance of the law does not otherwise excuse his failure to timely file a petition and is not grounds for equitable tolling. See Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) ("[A] petitioner's ignorance or mistake is insufficient to warrant equitable tolling."); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("'[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'").

exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition.  Further, Jones has also failed to allege, let alone offer, any evidence that suggests that he is actually innocent of the offenses for which he was convicted.

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Jones has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Jones' petition for habeas corpus relief should be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **25th** day of **November, 2008**.


           /s/ SONJA F. BIVINS          
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is

advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                       **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**