IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY JONES, | : |
|     Petitioner, | : |
| vs. | :   CIVIL ACTION 05-00712-KD-B |
| GRANTT CULLIVER, | : |
|     Respondent. | : |

**AMENDED ORDER**[1]

This action is before the court on the petitioner's motion to proceed in forma pauperis (doc. 28)[2] and the motion for Certificate of Appealability (doc. 29), the Recommendation of the Magistrate Judge (doc. 32) and petitioner's objection (doc. 34).

After due and proper consideration of the pleadings, petitioner's objections, all portions of this file deemed relevant to the issue raised, and a de novo determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED as modified as follows**, as the opinion of this Court:

That portion of the Recommendation on pages six through nine beginning with "The law is well settled that" and ending with "Kelley v. Secretary for Dep't of Corrs. 377 F. 3d 1317, 1343-1345 (11th Cir. 2004)", wherein the Magistrate Judge discusses the law that federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner

---

[1] This order amends the order entered March 10, 2009 (doc. 33)

[2] Petitioner's request for leave to proceed in forma pauperis was included in his notice of appeal. Petitioner states that his financial status has not substantially changed since the initial filing of this action. The record indicates that he remains incarcerated.

has filed to comply with an independent and adequate state rule, is **stricken**; and replaced with the following:

As stated, the Alabama Court of Criminal Appeals,[3] as one basis for striking the second Rule 32 petition, determined that the petition was not timely under Rule 32.2(c) of the Alabama Rules of Criminal Procedure. In Sweet v. Secretary of the Department of Corrections, 467 F. 3d 1311 (11th Cir. 2006), the court reiterated that "a state post-conviction petition rejected by the state court as being untimely under state law is not 'properly filed. . . .'" Id. at 1316. This applies even if the state court also addressed the merits. Id. Accordingly, petitioner's claim that his second Rule 32 petition tolled the statute of limitations is without merit because it was not properly filed. Accordingly, it is **ORDERED** that petitioner's request for a Certificate of Appealability is hereby **DENIED**.

Also, petitioner's motion to proceed *in forma pauperis* is pending before the court (doc. 28). A party may not appeal *in forma pauperis* "if the trial court certifies in writing that [the appeal] is not taken in good faith". 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if it is frivolous, e.g., United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997), and a frivolous appeal is one "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "'[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.'" Yelding v. United States, 2009 WL

---

[3] The Alabama Court of Criminal Appeals decision was the last reasoned opinion, thus it is the opinion cited. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2595 (1991). (explaining that when faced with a state court decision which does not articulate the reasons for the decision, the courts should follow the presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

539628 (S.D. Ala. March 2, 2009) (citations omitted). Therefore, because the court has determined that petitioner is not entitled to a Certificate of Appealability, and for the reasons addressed therein, the court further determines that his appeal is frivolous, and hence is not taken in good faith. Accordingly, petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED**.

  **DONE** this 20th day of March, 2009.

            <u>s/ Kristi K. DuBose</u>
            **KRISTI K. DuBOSE**
            **UNITED STATES DISTRICT JUDGE**